UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STANLEY GIOVANNI CONTRERAS
BLANCO,

        Petitioner,

        v.

MERRICK GARLAND, *et al.*,

        Respondents.

21-CV-172-LJV
DECISION & ORDER

_____

## INTRODUCTION

On January 28, 2021, the *pro se* petitioner, Stanley Giovanni Contreras Blanco, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his detention at the Buffalo Federal Detention Facility in Batavia, New York. Docket Item 1. On July 28, 2021, this Court granted the petition in part.[1] Docket Item 7. In that decision and order, this Court found that Contreras Blanco's detention under 8 U.S.C. § 1226(c) had become unreasonably prolonged and ordered the respondents to release Contreras Blanco "unless, no later than 14 calendar days from the date of th[e] decision and order, the government demonstrate[d] by clear and convincing evidence before a neutral decisionmaker that Contreras Blanco's continued detention [was] necessary to serve a compelling regulatory purpose." Docket Item 7 at 19. That decision was based, in part, on the Court's finding that because Contreras

---

[1] The Court assumes familiarity with the facts alleged in the petition, Docket Item 1, as well as this Court's analysis in its prior order, Docket Item 7, and will refer only to the facts necessary to explain its decision.

Blanco moved to stay his removal before the Second Circuit, and in light of the forbearance agreement between the Department of Homeland Security ("DHS") and the Second Circuit, he was detained under section 1226(c) and not section 1231(a).[2]

Later that same day, the respondents notified the Court that the Second Circuit had denied Contreras Blanco's motion for a stay on July 27, 2021. Docket Item 8. Therefore, this Court stayed its decision and order dated July 28, 2021, and ordered the respondents to "submit supplemental briefing on whether [Contreras Blanco's] removal is significantly likely to occur in the reasonably foreseeable future." Docket Item 10. The respondents submitted supplemental briefing on August 6, 2021, Docket Item 11, and a supplemental letter on August 10, 2021, Docket Item 13. Contreras Blanco did not reply, and the time to do so now has expired.

For the following reasons, this Court's decision and order dated July 28, 2021, is vacated, and Contreras Blanco's petition for a writ of habeas corpus is denied without prejudice as premature.

## DISCUSSION

28 U.S.C. § 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C.

---

[2] As explained in more detail in this Court's prior order, *see* Docket Item 7 at 5, and below, under the DHS's forbearance agreement with the Second Circuit, DHS will not remove a noncitizen who, like Contreras Blanco, moved for a stay of removal with a petition for review unless and until the motion for a stay is denied.

§ 2241(c)(3)).  The respondents maintain that Contreras Blanco is validly detained under 8 U.S.C. § 1231.  Docket Item 11.  This Court agrees.

"Broadly speaking, section 1226 governs the detention of immigrants who are not immediately deportable."  *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018).  Section 1231, on the other hand, "addresses the 'removal period' for immigrants facing deportation."  *Id.* at 53.  "[T]he 'removal period' [is] the term used in the statute to describe the [ninety]-day period following an order of removal during which 'the Attorney General shall remove the [noncitizen].'"  *Id.* at 54 (quoting 8 U.S.C. § 1231(a)(1)(A)).  The statute explicitly defines the beginning of the removal period as occurring "on the latest of the following":

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.
>
> (iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

*Id.* at 54-55 (quoting 8 U.S.C. § 1231(a)(1)(B)).

Contreras Blanco filed a petition for review and a motion to stay his removal in the Second Circuit.  *See Contreras Blanco*, Case No. 19-2850 (2d Cir. 2019).  Under DHS's forbearance agreement with the Second Circuit, "DHS will not remove a[] [noncitizen] who has requested a stay of removal with a petition for review of an immigration order of removal unless a government motion opposing the stay is granted by the court or the [noncitizen's] stay motion is otherwise denied."  *Sankara v. Whitaker*, 2019 WL 266462, at *4 (W.D.N.Y. Jan. 18, 2019).  This Court accordingly has held that until a Second Circuit panel rules on the request for a stay of removal, the "forbearance

3

agreement amounts to a court ordered stay of the removal of the [noncitizen]" for the purposes of the statute.  *See Hemans v. Searls*, 2019 WL 955353, at *3 (W.D.N.Y. Feb. 27, 2019); *Sankara*, 2019 WL 266462, at *4; *see also Hereda v. Shanahan*, 245 F. Supp. 3d 521, 524 (S.D.N.Y. 2017) (vacated on appeal as moot) (and cases cited therein).

For that reason, and because the Second Circuit had not yet ruled on Contreras Blanco's motion for a stay, this Court's July 28, 2021 decision and order found that Contreras Blanco was detained under section 1226(c) and not section 1231(a).  *See* Docket Item 7 at 5-6.  Because the Second Circuit now has denied Contreras Blanco's motion for a stay, Docket Item 8, the forbearance agreement does not apply, and Contreras Blanco is held under section 1231(a).

Section 1231(a)(2) mandates detention during the ninety-day removal period.  8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the [noncitizen].") (emphasis added).  After ninety days, "the Government 'may' continue to detain a[ noncitizen] who still remains here or release that [noncitizen] under supervision." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (quoting 8 U.S.C. § 1231(a)(6)).  In *Zadvydas*, the Supreme Court held that detention under section 1231(a)(6) is "presumptively reasonable" for six months.  *See id.* at 701.  After the presumptively reasonable detention period ends, a noncitizen must be released from detention when "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Contreras Blanco's removal became final when the Second Circuit denied his motion for a stay on July 27, 2021.  Therefore, the ninety-day removal period does not

expire until October 25, 2019, and his detention will remain presumptively reasonable until at least January 27, 2022.[3]  For that reason, Contreras Blanco's petition is premature and is denied.  See Frederick v. Feeley, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) (denying the petitioner's habeas petition as "premature" when he had "not been detained beyond the presumptively reasonable period of detention").  Contreras Blanco may file another petition if he remains detained beyond the presumptively reasonable period.

## **CONCLUSION**

This Court's decision and order dated July 28, 2021, Docket Item 7, is VACATED; Contreras Blanco's petition for a writ of habeas corpus, Docket Item 1, is DENIED without prejudice as premature; and the Clerk of the Court shall close this case.


SO ORDERED.

Dated:      August 18, 2021
            Buffalo, New York


                                             /s/ Lawrence J. Vilardo
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE

---

[3] Courts are split as to whether the six-month presumptively reasonable period includes the ninety-day removal period or whether it begins to run after the ninety-day removal period expires.  See Docket Item 11 at 4 n.2.  This is of no moment, however, because Contreras Blanco's petition is premature under either calculation.